UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SPENCER OWEN YOUNG,

                    Petitioner,                    Case No. 1:09-cv-367

v.                                                 Honorable Paul L. Maloney

JEFFREY WOODS,

                    Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner, through retained counsel, pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Factual Allegations & Procedural History

Petitioner is incarcerated in the Kinross Correctional Facility.  He was convicted in the Ingham County Circuit Court of second-degree murder.  Petitioner provides the following summary of the evidence presented at trial:

This case involved the beating death of Donald Taylor on September 20, 1988. The prosecution's theory was that Petitioner Young, along with his codefendants, Sherwin Scott McMillian and Jermaine Jones, killed Taylor for debts owed to Luke Demyens and Jones (Tr., pg. 792-796).[1] Petitioner Young denied being involved in the killing. The prosecution used the testimony of a serology expert from the Michigan State Police to identify blood types consistent with blood found on a jack stem, which was the murder weapon, with that of Petitioner Young to identify him as the perpetrator of the crime. Also blood samples taken from a newspaper found in Petitioner's car showed that the samples were consistent with the deceased's blood. However, no DNA testing of the samples was ever done. Petitioner Young asserts that DNA testimony, at his expense, will further establish his innocence.

The prosecution's key witness, JERMAINE JONES, was a 16 year old charged as a juvenile with open murder and allowed to plead to second degree murder in exchange for his testimony against Petitioner Young (Tr., pg. 251). According to Jones, he and McMillian exited the apartment of Kimberly Trice on Waverly Road in Lansing. Petitioner Young and Joseph Long were standing outside the Petitioner's rental car (Tr., pg. 257-259). The deceased was inside the vehicle. As the deceased got out, Long struck the deceased in the face while yelling about the money (Tr., pg. 262). According to Jones, Petitioner Young and McMillian joined in by hitting the deceased with their fists (Tr., pg. 264). Petitioner [Young] then allegedly retrieved a plastic bat and subsequently a tire jack stem from his vehicle and Petitioner beat the deceased with them (Tr., pg. 266-270). The men then left in Petitioner's rental car (Tr., pg. 278).

The deceased died of a blow to his head from the tire jack stem (Tr., pg. 275, 532-534).

\*\*\*

Other witnesses also contradicted Jones trial testimony. Anthony Johnson, a State witness, testified he did not see Petitioner Young hit the deceased (Tr., pg. 575). William Trice confirmed this, also testifying that he never saw Petitioner Young strike the deceased (Tr., pg. 719-720). Teresa Terry saw three (3) or four (4) men fight with a fifth man (Tr., pg. 202). Terry testified that a person, tentatively

identified as Jermaine Jones, hit the deceased with a baseball bat (Tr., pg. 204, 212), and then subsequently saw a person she tentatively identified as Sherwin Scott McMillian swing a tire jack (Tr., pg. 208).

***

In addition to the civilian witnesses, the prosecution called MARIE BARD CURTIS, a laboratory scientist in the serology unit for the Michigan State Police (Tr., pg. 494-510). Curtis examined newspapers with blood on them which were recovered from the Petitioner's vehicle (Tr., pg. 644). According to Curtis, the blood on the papers was consistent with the blood type of the deceased and not the four defendants (Tr., pg. 503). Blood from the jack stem was the same type, Type A, as the Petitioner's and Jermaine Jones (Tr., pg. 501). No DNA testing has been done on these samples.

---

[1] McMillian pled guilty to manslaughter and did not testify at trial.

[2] Joseph Long's preliminary examination transcript was read to the jury when he failed to appear for trial. He was originally charged with the murder, but the charges were dismissed and he became a State witness. According to Long, Petitioner punched the deceased, but it was <u>McMillian</u> who killed the deceased by hitting him in the head with the jack stem (Tr., pg. 649-685).

(Br. in Supp., 2-4, docket #1.)[1]  On March 29, 1989, the trial court sentenced him to imprisonment of thirty-five to seventy years.  The Michigan Court of Appeals affirmed his conviction on January 15, 1992, and the Michigan Supreme Court denied his application for leave to appeal on July 31, 1992.

Petitioner filed a habeas corpus action in this Court on January 27, 1993.  *See Young v. Johnson*, No. 1:93-cv-62 (W.D. Mich.).  On June 28, 1993, the Court granted Petitioner's motion to dismiss the petition and dismissed his action without prejudice pending exhaustion of additional claims in the state courts.

---

[1] For purposes of this report and recommendation, I will refer to Petitioner's original petition and supporting brief as his supporting brief.

Petitioner filed a motion for relief from judgment in the Ingham County Circuit Court on July 31, 1995. His motion was denied by the trial court. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's applications for leave to appeal on July 12, 1996 and December 30, 1997, respectively.

On September 20, 2006, Petitioner filed a "Motion to Preserve Evidence and Present it for Inspection" in the Ingham County Circuit Court. In his motion, Petitioner sought preservation of blood evidence that was used to obtain his criminal conviction. Specifically, Petitioner moved to preserve the tire jack stem and bloody newspaper that were found in Petitioner's rental car. Petitioner argued that due process and fundamental fairness dictate that he should be allowed to conduct DNA analysis of the blood samples at his own expense to support his claim of innocence. Petitioner contends that DNA analysis, which was not conducted at the time of his trial in 1988, is more accurate than the blood serology evidence admitted as evidence in his case. In further support of his request, Petitioner provided the affidavits of co-defendants Jones and McMillian. In his affidavit, Jones stated that he lied at Petitioner's trial because Joseph Long threatened to kill him if he told the truth. Jones further stated that he only saw Petitioner hit Taylor with his fists and that it was Long who hit Taylor in the head with the jack. McMillian, who did not testify at trial, stated in his affidavit that Petitioner was present but never touched Taylor.

Following a hearing on September 29, 2004, the trial court stated on the record that Petitioner's motion would be denied. First, the trial court found that there is no due process right to post-conviction DNA testing. (Hearing Transcript (H. Tr.), 12-13, Exhibit A, docket #1-5). The trial court further stated:

> Furthermore, I can't really find good cause because the obvious theory here at trial
> was that the Defendant participated in the beating of the victim that led to his death.

> And it didn't matter whether the Defendant beat him with his fists or with a jack
> system.  The fact that testimony was contradictory, of course it would be, given the
> facts of the case and circumstances as to who did what, but it's apparent that the
> theory here was an aiding and abetting theory, and that the Defendant's participation
> was the key factor that the jury had to decide, not who did what, despite the fact that
> there was contradictory testimony regarding who did what.

(H Tr., 13-14.)  The trial court ultimately entered an order denying Petitioner's motion on November

6, 2006 (Order Denying Motion to Preserve Evidence, Exhibit B, docket #1-6).

   Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.

The Court of appeals denied Petitioner's delayed application for leave to appeal on October 30,

2007, for lack of merit in the grounds presented.  On April 23, 2008, the Michigan Supreme Court

denied Petitioner's application for leave to appeal because it was not persuaded that the question

presented should be reviewed by the Court, although Justices Cavanagh and Kelly would have

remanded the case to the trial court for DNA testing.

   Petitioner filed his original petition and supporting brief (docket #1) in the Eastern

District of Michigan on February 17, 2009.  The case was transferred to this Court on April 20, 2009.

Petitioner subsequently filed an amended petition on the form provided by the Court (docket #6).

In his amended petition, he raises the following claim for habeas corpus relief:

> WHEN THE STATE PROSECUTOR USED BLOOD TYPING EVIDENCE AT
> TRIAL TO CONVICT PETITIONER, DUE PROCESS AND FUNDAMENTAL
> FAIRNESS DICTATED THAT THE PETITIONER BE ALLOWED TO
> CONDUCT DNA ANALYSIS OF THE SAMPLES AT HIS OWN EXPENSE TO
> SUPPORT HIS CLAIM OF INNOCENCE IN POST-CONVICTION
> PROCEEDINGS.

(Amend. Pet., 6.)  In his supporting brief, Petitioner "requests this Court to direct the trial court to

issue an order to the Lansing Police Department to preserve the items sought to tested by an expert

designated by the Petitioner." (Br. in Supp., 5, docket #1).

**Discussion**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

§ 2244(d)(1)(A).  Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court.  The Michigan Supreme Court denied his application on July 31, 1992.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired, and Petitioner's conviction became final, on October 29, 1992.

A petitioner whose conviction became final prior to the effective date of the AEDPA on April 24, 1996, has one year from the effective date in which to file his petition.  *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001).  Accordingly, the grace period was set to expire on April 24, 1997.  Before the one-year grace period began to run, Petitioner filed his motion for relief from judgment in the Ingham County Circuit Court.  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Petitioner filed his motion for relief from judgment on July 31, 1995.  The statute of limitations remained tolled until the Michigan Supreme Court issued its order denying Petitioner's application for leave to appeal on December 30, 1997.  *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).  Thereafter, Petitioner had one year, until December 30, 1998 in which to file his habeas petition.  The instant petition was filed on February 17, 2009, more than ten years after the statute of limitations expired.  Thus, the petition is time-barred.

- 7 -

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Because Petitioner's one-year period expired in 1998, his motion to preserve the evidence filed in 2006 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not address the statute of limitations in his petition and did not make any argument regarding equitable tolling. Even if Petitioner had a basis for equitable tolling of the statute of limitations, it would be of no avail because Petitioner fails to present a cognizable claim

for federal habeas corpus review.  The only claim asserted by Petitioner is that he is actually innocent of the offense for which he was convicted.  Petitioner seeks to support his claim of actual innocence by conducting DNA analysis of blood samples that were used as evidence at his trial.  A free-standing claim of actual innocence is not cognizable on habeas corpus review.  *See Herrera v. Collins*, 506 U.S. 390, 400 (1993); *Schlup v. Delo*, 513 U.S. 298, 315 (1995); *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007). A claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404.  Here, Petitioner has not presented any underlying federal claims that could serve as a basis for federal habeas corpus relief.  Consequently, Petitioner could not benefit from equitable tolling.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated:  May 28, 2009                          /s/  Joseph G. Scoville
                                                         United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).