UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPENCER OWEN YOUNG,
        Petitioner,

No. 1:09-cv-367

-v-

HONORABLE PAUL L. MALONEY

JEFFREY WOODS,
        Respondent.

### ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before this Court on a report and recommendation (Dkt. No. 7) issued by the Honorable Joseph G. Scoville, United States Magistrate Judge, and objections (Dkt. No. 8). Petitioner Spencer Young, a prisoner under the control of the Michigan Department of Corrections, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court has reviewed the petition, the report and recommendation, objections, the attached exhibits, and relevant legal authority.

After being served with a report and recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by

the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

This Court agrees with Magistrate Judge Scoville's recommendation that the petition should be denied because it is barred by the one-year statute of limitations contained in 28 U.S.C § 2244(d)(1). Petitioner had one year from December 30, 1997 to file his habeas action. The procedural history of Petitioner Spencer Young's conviction and appeals are not in dispute. Petitioner was convicted in 1989 of second degree murder. The Michigan Court of Appeals affirmed his conviction on January 15, 1992 and the Michigan Supreme Court denied his application for leave to appeal on July 31, 1992. On January 27, 1993, Petitioner filed a habeas corpus action with this Court. The petition was dismissed, without prejudice, in June 1993 so that Petitioner could exhaust additional claims in state court. Petitioner filed a motion for relief with the Ingham County Circuit Court on July 31, 1995. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on July 12, 1996 and the Michigan Supreme Court denied his application for leave to appeal on December 30, 1997. Thus, the date on which Petitioner's judgment became final was December 30, 1997.

Magistrate Judge Scoville correctly explained why Petitioner's 2006 motion to preserve evidence[1] did not revive the statute of limitations period, which had long since expired. The

---

[1]Petitioner filed a motion to preserve evidence with the Ingham County Circuit Court on September 20, 2006. At a hearing held on October 25, 2006, the court denied the motion. The order denying the motion was entered on November 6, 2006. The Michigan Court of Appeals

disposition of the 2006 motion to preserve evidence does constitute a "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). Petitioner has not explained how things changed between December 30, 1997 and September 2006, when the motion was filed. The fact that the motion to preserve evidence was denied in 2006 does not explain why Petitioner waited until 2006 to file the motion. The Michigan statute governing post-conviction DNA testing became effective on January 1, 2001. *See* MCL 770.16; 2000 Mich. Pub. Act No. 402. Petitioner has not argued the ability to perform more sophisticated DNA testing than those used at his trial suddenly became available in 2006. Neither of the affidavits submitted by Petitioner justify tolling the statute of limitations through September 2006. Mr. Millian's affidavit was signed in August 2003. Mr. Jones' affidavit was signed in January 1993. Of course, Petitioner has not performed DNA tests on the items he wished to preserve, so he has no DNA evidence suggesting his innocence. [2]

In addition to the reasons outlined in the R&R, the petition must be denied for one other reason. Petitioner claims, because the prosecutor used blood typing evidence at his trial to secure his conviction, "due process and fundamental fairness dictated that the Petitioner be allowed to conduct DNA analysis of the samples at his own expense to support his claims of innocence in post-conviction proceedings." (Petition ¶ 12.) After the R&R was issued and after Petitioner filed his

---

and the Michigan Supreme Court denied Petitioner's motions for leave to appeal on October 30, 2007 and April 23, 2008 respectively.

[2]The statute, as enacted through Public Act No. 402, allowed prisoners convicted prior to Act to petition the court for order DNA testing no later than January 1, 2006. 2000 Mich. Pub. Act No. 402. The 2005 amendments extended that deadline to January 1, 2009. 2005 Mich. Publ Act No. 4. The statute was again amended in 2008 extending the deadline to January 1, 2012. 2008 Mich. Pub. Act No. 410.

objections, the United States Supreme Court issued its decision in *District Attorney's Office for the Third Judicial District v. Osborne*, No. 08-6, slip op. (U.S. June 18, 2009). Reversing the decision of the Ninth Circuit Court of Appeals, the Supreme Court held there is no "right under the Due Process Clause to obtain post conviction access to the State's evidence for DNA testing." *Osborne*, No. 08-6, slip op. at 8. The Court rejected the Ninth Circuit's extension of trial rights to post-conviction relief, explaining that once an individual has been convicted for the offense with which he or she was charged, the presumption of innocence disappears. *Id.* at 15. The Court acknowledged that such a due process claim might arise if the State's post conviction procedures "'offend[ed] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental,' or 'transgress[ed] any recognized principle of fundamental fairness in operation.'" *Id*. (quoting *Medina v. California*, 505 U.S. 437, 446 (1992)). Michigan has enacted a statute allowing, under certain conditions, convicted felons to petition the court for DNA testing of items that led to his or her conviction. *See* MCL § 770.16.

Petitioner's habeas corpus action must be dismissed because it is time barred, because Petitioner has not established the statute of limitations should be tolled, and because the United States Supreme Court has rejected Petitioner's constitutional claim. Accordingly, the Report and Recommendation (Dkt No. 7) is **ADOPTED OVER OBJECTIONS.**

### Certificate of Appealability

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). Under 28 U.S.C. § 2253(c)(2), a court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). *See Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009) (holding that *Slack v. McDaniel* requires a district court to provide a detailed certificate of appealability analysis as to each claim the petitioner raises in his or her petition).

Petitioner has not raised issues over which reasonable jurists could disagree on a different disposition. Reasonable jurists would all agree Petitioner's judgment became final in December 1997. Petitioner's motion filed in 2006 did not revive the statute of limitations. The two affidavits filed could not toll the statute of limitations until 2009. The claim asserted in the petition, that due process requires Petitioner be able to conduct at his own expense DNA analysis on items used at his trial, is not a right protected under the Due Process Clause of the United States Constitution. Accordingly, a certificate of appealability, as to each issue raised, is **DENIED.**

**IT IS SO ORDERED.**

Date:   June 29, 2009                                        /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                         Chief United States District Judge