UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

SPENCER OWEN YOUNG,

                Petitioner,             Case No. 1:09-cv-367

v.                                     Honorable Paul L. Maloney

JEFFREY WOODS,

                Respondent.

_____/

## ORDER VACATING JUDGMENT
## AND TRANSFERRING TO THE SIXTH CIRCUIT

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C.
§ 2254. On June 29, 2009, the Court issued an order adopting the report and recommendation and
a judgment dismissing the petition with prejudice. The Court found that the petition was barred by
the statute of limitations. The Court further held that the petition was subject to dismissal on the
merits pursuant to the Supreme Court's recent decision in *District Attorney's Office for Third
Judicial Dist. v. Osborne*, 129 S. Ct. 2308 (2009). This matter now is before the Court upon
Petitioner's motion for relief from judgment (docket #11) brought pursuant to FED. R. CIV. P. 60(b).
In his motion, Petitioner claims that this Court lacked jurisdiction to adjudicate his case because the
petition is "second or successive" within the meaning of 28 U.S.C. § 2244(b) and seeks an order
vacating the Court's judgment and transferring his case to the Sixth Circuit.

        A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake,
inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, mis-
representation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released,
or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated,

or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner in custody pursuant to the judgment of a state court must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody. *See* § 2244(b)(1). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). When a second or successive petition is filed in the district court, the appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Authorization by the court of appeals is jurisdictional. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (district court lacks jurisdiction to review second habeas petition without proper authorization by the Sixth Circuit.)

Petitioner originally filed the instant petition in the Eastern District of Michigan. After the petition was transferred to this Court on venue grounds, Petitioner was ordered to file an amended petition on the form provided by the Court. The form specifically asks whether the Petitioner has filed any petitions, applications or motions in any federal court. In response to that question, Petitioner disclosed his previous habeas corpus petition in this Court. *See Young v. Johnson*, No. 1:93-cv-62 (W.D. Mich.). On June 28, 1993, the Court granted Petitioner's motion to dismiss the petition and dismissed his action without prejudice pending exhaustion of additional

claims in the state courts. Because the 1993 petition was dismissed without prejudice, it did not

rendered any subsequent petition second or successive. *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th

Cir.1998) (habeas petition filed after a prior petition has been dismissed for lack of exhaustion is not

a second or successive petition).[1]

Petitioner did not disclose any previous federal habeas corpus actions in his amended

petition other than the 1993 petition filed in this Court. In his motion for relief from judgment,

Petitioner reveals for the first time that he has filed three federal habeas corpus petitions. After

searching the docket records for the Eastern District of Michigan, the Court discovered that

Petitioner indeed filed a 1998 habeas corpus action challenging his conviction in the Eastern

District. That court conducted a full review of the petition and dismissed the case with prejudice

on October 31, 2000. The dismissal of the 1998 petition with prejudice rendered the instant petition

second or successive. It appears that Petitioner purposefully failed to disclose the 1998 petition in

order to obtain review by the district court without first seeking authorization by the Sixth Circuit.

Nevertheless, because authorization by the Sixth Circuit is jurisdictional, *Burton*, 549 U.S. at 153,

the Court will vacate the judgment and transfer the petition to the Sixth Circuit. The Court notes

that even if the Sixth Circuit were to authorize review by the district court under § 2244(b)(2), this

Court already had determined that the instant petition is both time-barred and without merit.

---

[1]Even if Petitioner's 1993 petition had been dismissed with prejudice, the second or successive provision does not apply when the original habeas petition was filed before the 1996 enactment of the AEDPA. *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Rather, this Court would have considered whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Id.*

Therefore:

IT IS ORDERED that Petitioner's motion for relief from judgment (docket #11) is GRANTED.

IT IS FURTHER ORDERED that the judgment (docket #10) is VACATED.

IT IS FURTHER ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


Date: January 13, 2010

/s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge